UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JOANNE ANDRESHAK,

    Plaintiff,

    v.                                  Case No. 06-C-0463

SERVICE HEAT TREATING, INC.,

    Involuntary Plaintiff,

    v.

LENS*CRAFTERS*, INC.,
LIBERTY MUTUAL INSURANCE COMPANY,
ZORIK BUNCHUK, O.D.,
ABC INSURANCE COMPANY,

    Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This case originated in the Milwaukee County Circuit Court, but two of the three defendants removed it to federal court. After receiving a copy of the summons and complaint on March 10, 2006 (Aff. of Lora A. Kaelber Ex. 1.), defendants Lens*Crafters*, Inc. and Liberty Mutual Insurance Company filed a Notice of Removal on April 7, 2006. Now, plaintiff Joanne Andreshak moves to remand the case back to state court.

Andreshak argues that removal is improper because (1) the Notice of Removal did not allege complete diversity of citizenship and (2) not all defendants joined or timely consented to the removal. The first issue was properly raised but does not succeed. On the other hand, the second issue was questionably raised and is dispositive.

First, Andreshak submits that the Notice of Removal and the affidavit of defendant Zorik Bunchuk refer only to Bunchuk's residency, and, as residency does not

equate with citizenship, the notice is defective. However, notwithstanding the references in the Notice of Removal and Bunchuk's affidavit to Bunchuk as an Illinois resident, the Notice of Removal also asserts that "[p]laintiff and defendants are citizens of different states." (Notice of Removal ¶ 7(a)) This satisfies the requirements for diversity jurisdiction.

In a footnote in her initial brief, Andreshak states:

> It appears that Zorik Bunchuk has received a copy of the plaintiff's state court complaint pursuant to 28 U.S.C. § 1446(b). It also appears that Mr. Bunchuk received such a copy prior to the filing of the other defendants' Notice of Removal. However, because this information is not affirmatively known by signing counsel, plaintiff reserves her right to oppose removal on the grounds that not all defendants have consented to removal as is generally required. *See Northern Ill. Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.,* 676 F.2d 270, 272 (7th Cir. 1982).

(Pl.'s Mot. to Remand and Mem. of Law in Supp. at 4 n.1.) It is questionable whether this one thin paragraph, placed only in a footnote, consisting of only three sentences, and stating that it reserves an argument rather than raising it expressly,[1] sufficiently raises the argument that remand is required because Bunchuk did not join the Notice of Removal. The citation to *Northern Illinois Gas* helps, though, because, as shown below, it is right on point.

---

[1] Andreshak provides no citation supporting any unilateral reservation of an additional argument for remand to a time after the thirty-day remand window expires. This court is unconvinced that such a reservation can be made. *See Roe v. O'Donohue*, 38 F.3d 298, 302 (7th Cir. 1994) ("Filing a timely motion for remand cannot permit a party to store up grounds for future consideration . . . ."), *overruled on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). However, the court interprets this footnote as actually raising the issue rather than merely reserving it, especially due to the cite to *Northern Illinois Gas*. The court notes the odd fact that Andreshak says she does not know when Bunchuk received a copy of the complaint, when it was her own duty to serve him with it – she should know whether, when, and where she served him with the summons and complaint. It appears, however, that her lack of information regarding Bunchuk's "receipt" of the complaint stems from her misunderstanding about what constitutes "receipt," as discussed in the next footnote.

2

Andreshak develops the argument further in her reply brief. But a reply brief must be limited to matters in reply. Civil L.R. 7.1(f). Therefore, the argument could have been considered waived.

But defendants negated any waiver by Andreshak. Instead of objecting to the footnote in their opposition brief or filing an objection or motion to strike the argument in reply, defendants filed a surreply brief, responding to the argument on the merits. Thus, the court considers the argument sufficiently raised by Andreshak and will consider the surreply as well. And because this argument by Andreshak is a winner, the case will be remanded.

The party seeking to invoke federal jurisdiction bears the burden of proving that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, and if it is timely." Id. (citation omitted) (citing 28 U.S.C. §§ 1441, 1446). A notice of removal is timely if it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The period for removal begins with formal service of process – either simultaneous service of the summons and complaint or receipt of a complaint after service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). "[M]ere receipt of the complaint unattended by any formal service" does not start the clock. *Id.* at 348.[2] As to defendants Lens*Crafters* and Liberty

---

[2] In her reply brief, Andreshak represents to the court that the present law in this circuit is what has been described by the U.S. Supreme Court as the "'receipt rule'–starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service." *Murphy Bros., Inc.*, 526 U.S. at 356. Andreshak cites to *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), as support for her statement that the removal clock begins when a defendant comes into possession of a copy of the complaint regardless of whether formal service has occurred. (Pl.'s Reply Br. at 5.)

3

Mutual, the Notice of Removal appears timely. They were served with the summons and complaint on March 10, 2006 (Pl.'s Reply Br. Ex. A (Kaelber Aff.), Ex. 1), so the period for removal expired on April 9, 2006. Lens*Crafters* and Liberty Mutual removed the case on April 7, 2006.

Nevertheless, in suits involving multiple defendants, all defendants must join a notice of removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *overruled on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999); *N. Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547 (7th Cir. 1968). The requirement stems from 28 U.S.C. § 1441(a), which says that a state court action of which the federal courts have original jurisdiction "may be removed by the defendant or the defendants." "By long-continued construction of this language, [d]efendants, then, are to be treated collectively; and, as a general rule, all defendants who may properly join in the removal petition must join." *P.P. Farmers' Elevator Co.*, 395 F.2d at 547 (internal quotation marks omitted).

A defendant joins a notice of removal by supporting it in writing. *Roe*, 38 F.3d at 301, *overruled on other grounds by Murphy Bros.*, 526 U.S. 344; *Flakes v. Frank*, 2004

---

Roe was overturned on this very point by *Murphy Bros*. In the *Murphy Bros.* decision, the Court specifically mentioned *Roe* and rejected its reasoning and holding. 526 U.S. at 349 n.2, 355. Although this court itself cites *Roe* for a different proposition, which was not overturned, the point for which Andreshak cites it is no longer good law.

In Wisconsin, a lawyer shall not knowingly make a false statement of law to a court or fail to disclose to the court controlling legal authority known to be directly adverse to the position of the client. Wis. Sup. Ct. R. 20:3.3. A simple Westlaw keycite of *Roe* brings up a red flag next to the case name plus notations that *Murphy Bros.* abrogated *Roe* and that several other cases recognize *Roe's* overruling. However, a Lexis Shepard's summary states only that *Roe* was "questioned" by *Murphy Bros.* and other cases. This court will give Andreshak's attorneys the benefit of the doubt and assume they either used Lexis or were careless in their research rather than intending to mislead the court by citing to *Roe's* receipt rule. The court will also contact Lexis to suggest that its Shepard's summary clearly reflect that *Roe* was overruled.

4

WL 941208, *1 (W.D. Wis. 2004) (Crabb, J.). This written support must be communicated to the court within thirty days of the date when the removing defendant was served. *See Thomas v. Klinkhamer*, 2000 WL 967984, *2-*3 (N.D. Ill. July 10, 2000); *Fellhauer v. City of Geneva,* 673 F. Supp. 1445, 1447 (N.D. Ill. 1987).

A recognized exception to the general rule that all defendants must join in removal exists: a defendant need not join in the removal if he has not yet been served with the state court summons. *Roe*, 38 F.3d at 301, *overruled on other grounds by Murphy Bros.*, 526 U.S. 344; *P.P. Farmers' Elevator Co.*, 395 F.2d at 547-48; *Flakes v. Frank*, 2004 WL 941208, *1 (W.D. Wis. 2004) (Crabb, J.) (citing *1A Moore's Federal Practice* ¶ 0.168[3.2], at 452 (1982)). However, under the removal statue it is a removing defendant's burden to explain why his codefendants have not joined the notice of removal. *Flakes*, 2004 WL 941208 at *1; see *N. Ill. Gas Co.*, 676 F.2d at 273. A notice of removal filed by fewer than all named defendants is considered defective if it fails to contain an explanation for the absence of codefendants. *N. Ill. Gas Co.*, 676 F.2d at 273; *Flakes*, 2004 WL 941208, at *1.

Here, Lens*Crafters* and Liberty Mutual have not met their burden of proving that removal is proper. The Notice of Removal was defective – it was not signed or filed by all named defendants but rather by only Lens*Crafters* and Liberty Mutual, and nowhere within the notice is the absence of Bunchuk explained. Although Bunchuk's affidavit is attached to the Notice of Removal, it contains only a statement regarding Bunchuk's residence; Bunchuk does not say in this affidavit that he consents to the removal.

Lens*Crafters* and Liberty Mutual could have cured the defect by providing Bunchuk's written consent within Lens*Crafters*' and Liberty Mutual's thirty-day window.

5

*See Thomas*, 2000 WL 967984, at *3-*4. But Bunchuk did not give written support for removal until May 11, 2006, when he stated in an affidavit that "on the date of my April 6k, [sic] 2006 Affidavit and at all times thereafter[, I] have consented to the removal of this action to federal court." (Def.'s Mem. in Opp'n Ex. B, ¶ 1.) This affidavit was not filed with the court until May 17, 2006, over a month after the thirty-day removal period for Lens*Crafters* and Liberty Mutual had expired.[3] As a result, defendants have failed to prove that Bunchuk joined the Notice of Removal.

Even assuming that Lens*Crafters* and Liberty Mutual could cure the defective removal notice by later arguing that joinder of Bunchuk was unnecessary because he had not been served at the time of removal, see *Fellhauer*, 673 F. Supp. at 1449 (denying motion to amend removal petition for failure to include codefendant's consent because it was a substantive rather than technical defect), Lens*Crafters* and Liberty Mutual have failed to establish that as fact. Lens*Crafters* and Liberty Mutual argue that Bunchuk had not been served with process when the Notice of Removal was filed, but they provide no proof on the point. They submitted affidavits of two defense attorneys indicating that those attorneys did not furnish Bunchuk with a copy of the complaint at any time prior to service of process on Bunchuk by plaintiff's counsel. (Miller Aff. ¶ 3; Stilp Aff. ¶ 2.) Regardless, they have failed to provide evidence demonstrating when Bunchuk was actually served with the summons and complaint. The attorneys' affidavits establish only that Bunchuk did not receive a copy of the complaint from those two lawyers. Lens*Crafters* and Liberty Mutual obtained Bunchuk's affidavit and filed it with their Notice of Removal. All they had

---

[3]Defendants do not argue that Bunchuk's April 27, 2006, answer to the complaint, which was filed in this court, constituted consent to removal. Based on the strict application of removal rules, *see Thomas*, 2000 WL 967984, at *3, this court believes written consent should be expressly made, not implied. Further, the answer falls outside of the thirty-day window as well.

6

to do was have Bunchuk state in that affidavit that he had not yet been served, assuming that was true; but they did not.[4] Accordingly, the defendants have not proven that joinder was unnecessary in this case.

Of course, with her motion to remand Andreshak could just as easily have filed an affidavit of service showing that Bunchuk had been served prior to April 7; but she did not. The result is that this court has no idea when Bunchuk was served, and thus the burden of establishing federal jurisdiction kicks in.

Again, as the parties seeking to invoke federal jurisdiction, Lens*Crafters* and Liberty Mutual bear the burden of proving that removal is proper. This burden includes proving that joinder occurred or that joinder was unnecessary. Because they have not shown that Bunchuk properly joined the Notice of Removal or that joinder was unnecessary, they have failed to meet their burden.

Therefore,

IT IS ORDERED that the Motion to Remand is GRANTED.

The clerk of court is directed to forward a certified copy of this order and the docket for this action to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

---

[4]Bunchuk filed his answer on April 27, 2006, but that date does not establish the date of service, either. If Bunchuk followed Fed. R. Civ. P. 81(c), which cannot be assumed, the date for service of process could have been anytime from April 7 to 27, and if Bunchuk was served on April 7 he needed to sign the Notice of Removal. In any event, Lens*Crafters* and Liberty Mutual do not point to Rule 81(c) as any basis for calculating the date of service of process and, therefore, the argument has been waived.

7